# SUPREME JUDICIAL COURT,

#### FOR THE COUNTY OF

## SOMERSET.

### JUNE TERM,

### 1824.

---

### THE INHABITANTS OF CANAAN *vs.* THE INHABITANTS OF BLOOM-
### FIELD.

Where the selectmen of a town drew an order in favor of a pauper on one of the inhabitants, for supplies to be furnished to the pauper, which the drawee did not accept, but the supplies were voluntarily advanced by another person, who took up the order;—it was holden that these supplies were not " received from *some town*" within the meaning of *Stat.* 1821, *ch.* 122, *sec.* 2, the person who advanced them not having any remedy on the town for reimbursement.

THIS was *assumpsit* for supplies furnished by the plaintiffs to one *James Pratt*, whose residence was in *Bloomfield* on the 21st day of *March* 1821; and the only question in the cause was, whether the operation of *Stat.* 1821, *ch.* 122, upon his domicil at the time of its passage, was prevented by his having received supplies from the *town of Bloomfield*, as a pauper, within a year previous to the passage of that statute. To prove that he had received such supplies, the plaintiffs, in the Court below, at the trial before *Smith J.* produced an order issued in his favor, of the following tenor, viz.—" *Bloomfield, June* 6, 1820, *Mr. John Weston*—Sir, Please to let *James Pratt* have three bushels of po- " tatoes, and charge the same to the town. *John Kimball. James* " *Bigelow, Jr.* Selectmen."

It was proved by the testimony of *Pratt*, that he presented this order to *Weston*, who was an inhabitant of *Bloomfield*, soon after

The Inhabitants of Canaan *v.* The Inhabitants of Bloomfield.

its date, who said he was unable to comply with it, and did not accept it; and that soon afterwards he presented the order to one *Levi Bigelow*, of *Bloomfield*, who accepted and paid it, saying he would as lief have the order as a note of hand. The parties intending to bring the question upon this evidence before this Court, a verdict was taken under the direction of the Court below for the defendants, to which the plaintiffs excepted.

*Greenleaf* and *Deering*, for the plaintiffs, cited *Adams v. The Supervisors of Columbia* 8 *Johns. 323*, to shew that orders for the relief of the poor were to be liberally treated; and argued that upon this principle the acceptance by *Bigelow* might be regarded in the light of an acceptance of a bill of exchange for the honor of the drawer, and, as such, binding on the town. But if not, it amounted to a certificate of his pauperism, and shewed that he stood in need of relief, which the order enabled him to receive, on the credit of the town; and this was substantially the whole office it was designed to perform. The pauper was thus brought within the spirit of that clause of the statute, which was designed to fix the settlement of all persons, *except* those who were objects of public charity, at any time within a year previous to the passage of the law.

*McClellan* and *Boutelle*, for the defendants, contended that there was nothing in the case shewing that the transaction related in any degree to the relief of a pauper. It is to be presumed that every town chooses overseers of its poor, such being the duty enjoined by law; and unless that was omitted, the selectmen had no authority relating to the poor. Nor does it appear that the party in whose favor the order was drawn was in need of relief, nor that the selectmen did so regard him. For aught that appears, the order was drawn for the payment of a debt.

But if it were otherwise, yet it does not appear that the goods were delivered on the credit of the town, or by the order of the selectmen, nor that *Bigelow* ever notified the selectmen of the payment, or intended to resort to the town. It may be deemed a private charity; and if so, it is not within the exception in the statute.

PER CURIAM. Though the case does not state in terms that the person receiving the order was a pauper; yet considering the character of the supplies, and that he was soon afterwards assisted by the plaintiff town, we may well conclude that at the date of the order he stood in need of relief. And as the charge of providing for the relief of the poor is devolved by statute, on the selectmen of every town where overseers are not specially elected, it may reasonably be concluded that they acted in that capacity in drawing the order.

But the supplies do not appear to have been furnished *by the town*, within the meaning of the statute. The case shews nothing which renders the town liable upon the order. The law-merchant, respecting acceptances for the honor of the drawer, cannot be applied to transactions out of the course of mercantile affairs; and therefore furnishes no analogy in aid of the plaintiffs. The exception, in the statute does not attach itself to cases of private charity; nor to such as the present, where an individual, in the hope of ultimate remuneration from the town, but without entitling himself to any remedy, volunteers the relief which it was intended should have been furnished by another person.

The judgment of the Court of Common Pleas is therefore affirmed.